IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TROY SLAFFEY | : | CIVIL ACTION |
| | : | NO. 15-2771 |
| | : | |
| vs. | : | |
| | : | |
| PNMAC MORTGAGE OPPORTUNITY | : | |
| FUND INVESTORS, LLC/PENNYMAC | : | |
| LOAN SERVICES | : | |

O'NEILL, J.                                                                                                                May 24, 2016

## MEMORANDUM

I have before me defendants' motion for summary judgment and plaintiff's opposition thereto.  Plaintiff appears pro se.

In his amended complaint plaintiff asserts four violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692e, all of which are related to his mortgage held by defendants.

On May 29, 2013, defendant PNMAC Mortgage Opportunity Fund Investors, LLC (PNMAC) filed a foreclosure complaint against Slaffey in the Pennsylvania Court of Common Pleas, Philadelphia County, due to his default on a January 26, 2007 mortgage and note.  On September 17, 2013, the state court entered an in rem default judgment in favor of PNMAC.  On October 16, 2014, Slaffey filed a petition to open the default judgment in the state foreclosure proceeding.   PNMAC filed an opposition to Slaffey's petition and on November 18, 2014, Slaffey filed a reply in support of his petition.   In Slaffey's reply, he raised arguments similar to those he now raises, including the claim that PennyMac could not pursue the foreclosure because his debt was discharged in bankruptcy and the assignment was flawed.

On December 15, 2014, the state court denied Slaffey's petition to open the default judgment.  On December 16, 2014, Slaffey filed a "Mandatory Judicial Notice of Federal Order"

in state court, seeking to overturn the foreclosure by claiming that he owed no debt to PennyMac, alleging that PennyMac could not pursue the foreclosure or take any further actions in connection with the loan because his debt was discharged in bankruptcy, and requesting that the foreclosure case be dismissed.  PNMAC filed a motion to strike Slaffey's Mandatory Judicial Notice of Federal Order.  In response, Slaffey filed a motion to strike requesting that the mortgage be vacated and all claims against him be dismissed.  PNMAC filed an opposition to Slaffey's motion to strike.  On March 17, 2015, the state court denied Slaffey's motion to strike and, on March 27, 2015, granted PNMAC's motion to strike.

On May 21, 2015, again in state court, Slaffey filed a petition to strike the default judgment.  In Slaffey's petition to strike, he raised the same issues that he raises in his amended complaint in this action; for example, he claimed that PennyMac provided contradictory amounts of the debt owed and he owes no debt to PennyMac.  By order dated June 25, 2015, the state court denied Slaffey's petition to strike with prejudice.

Although plaintiff's amended claims in this action are styled as FDCPA claims, it cannot be disputed that his claims relate to a loan that was the subject of a prior state foreclosure judgment.  This Court cannot entertain plaintiff's claims without violating the Rooker-Feldman doctrine, which divests federal courts of jurisdiction in this situation.  Knapper v. Bankers Trust Co., 407 F.3d 573, 580 (3d. Cir. 2005).  Rooker-Feldman divests a federal court of jurisdiction and thus bars a federal claim if it "is inextricably intertwined with [a] state court adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong."  Id. at 580 (internal citation omitted).  Courts in the Third Circuit have repeatedly held that Rooker-Feldman prevents a borrower from challenging a mortgage in federal court if the mortgage was the subject of a state foreclosure judgment.  Stewart v. JP Morgan Chase Bank,

N.A., 473 B.R. 612, 630 (Bankr. W.D. Pa. 2012) (internal citation omitted);  see also Laychock v. Wells Fargo Home Mortg., 399 F. App'x 716, 718-19 (3d Cir. 2010); Piotrowski v. Federman and Phelan, LLP, No. 05-1455, 2005 WL 3118031, at *3-4 (M.D. Pa. Nov. 22, 2005).   This includes a borrower's alleged FDCPA claims.  See, e.g., Sherk v. Countrywide Home Loans, Inc., No. 08-5969, 2009 WL 2412750, at *6 (E.D. Pa. Aug. 5, 2009); Piotrowski, 2005 WL 3118031, at *3-4; Hua v. US Bank Nat'l Ass'n, No. 14-6767, 2015 U.S. Dist. LEXIS 30588, at *6 (E.D. Pa. Mar. 11, 2015); Easley v. New Century Mortg. Corp., No. 08-4283, 2009 WL 2256692, at *1-2 (E.D. Pa. July 28, 2009) (all cases dismissing FDCPA claims per Rooker-Feldman as loans at issue were all subjects of state foreclosures).

No appeal was taken in the state court action.

Accordingly, the motion for summary judgment will be granted.